MIKO THOMAS,

        Plaintiff,

      v.                                              Case No. 23-C-861

JBS,
MATT DRAGOSH,
JERROD MENGER, and
BRYAN CAYABYAB,

        Defendants.

## SCREENING ORDER

      Plaintiff Miko Thomas, who is currently representing himself, filed a complaint against Defendants JBS, Matt Dragosh, Jerrod Menger, and Bryan Cayabyab on June 28, 2023. Plaintiff seeks leave to proceed without prepayment of the filing fee in this case. The court has reviewed the affidavit submitted in support of the motion and concludes that Thomas lacks sufficient income and/or assets to pay the filing fee. Accordingly, the motion for leave to proceed without prepayment of the filing fee is granted. District courts are permitted to screen every complaint, regardless of a plaintiff's fee status. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Polestra*, 320 F.3d 761, 763 (7th Cir. 2003). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted.

      Thomas alleges that he was never trained on the highlift since 2019, which hindered his ability to perform his job effectively. On August 10, 2021, Matt Dragosh, Thomas' manager, denied Thomas' vacation request, stating "do not think it's a 'race' thing and that no one is taking

a vacation at this time." Compl. at 5, Dkt. No. 1. Thomas alleges that, even though Dragosh sent an email stating that no one would take vacation at that time, Dragosh approved vacations for other employees. On September 18 or 19, 2021, Jerrod Menger, Thomas' supervisor, entered the workplace and falsely accused Thomas of not working. Thomas claims that Menger did not check on Thomas' coworkers who were of a different color or take similar actions against them. On September 20, 2021, Thomas filed a discrimination complaint with Human Resources against his manager. In October 2021, Thomas met with his manager, his supervisor, and a Human Resources representative. At the meeting, Menger "admitted to his wrongs and apologized." *Id.* at 6. Thomas alleges that he brought up the name of a maintenance supervisor, Phillip Vorphal, who claimed that Dragosh asked him to target Thomas but Vorphal refused. When Dragosh was asked about Vorphal's claims, Dragosh remained silent and did not deny those claims.

Thomas claims that, in January 2022, Dragosh and Menger issued a write up to him "for doing exactly what he was told to do." *Id.* Also in January 2022, Thomas filed a complaint with Human Resources for retaliation. In February 2022, Thomas's co-worker was permanently moved to another shift, which further isolated Thomas and made his job difficult. In March 2022, Thomas filed a complaint with corporate for discrimination and retaliation. Thomas alleges that Human Resources, corporate, and the company failed to thoroughly investigate all witnesses and conduct a proper investigation. As a result, Thomas filed a complaint with the EEOC in April 2022. Thomas claims that, after he filed his complaint with the EEOC, the company attempted to train him on the highlift in June 2022. He asserts that the company told him that his lack of prescription glasses prevented him from being trained on the highlift, even though the only attempt to train Thomas occurred in June 2022. Thomas seeks compensatory and punitive damages.

Federal Rule of Civil Procedure 8 requires a pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The

2

Supreme Court has held that, for most cases, a plaintiff must offer something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), or "an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), before the doors to expensive and time-consuming discovery will be opened.

But the pleading standard announced by the Court in *Twombly* and *Iqbal* does not appear applicable in employment discrimination cases, especially in cases where the plaintiff proceeds *pro se*. Notwithstanding *Twombly* and *Iqbal*, "the Seventh Circuit has held that a formulaic recitation of the elements of an employment discrimination claim will do." *McKay v. City of Chicago*, No. 14-C-10446, 2017 WL 11567310, at *2 (N.D. Ill. May 23, 2017). In *Tomayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008), the Court of Appeals held that "a complaint alleging sex discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex." And in *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014 (7th Cir. 2013), the Court of Appeals held that this minimal pleading requirement survived the Court's decisions in *Twombly* and *Iqbal* because a conclusory complaint of employment discrimination had been held sufficient by the Supreme Court in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002), and had not been expressly overruled by the Court in *Twombly*, *Iqbal*, or any subsequent case. *Luevano*, 722 F.3d at 1028 ("Neither *Iqbal* nor *Twombly* overruled *Swierkiewicz*, and it is our duty to apply the Supreme Court's precedents unless and until the Supreme Court itself overrules them."). The court in *Luevano* also noted that "the pleading standards for pro se plaintiffs are considerably relaxed," even in the wake of *Twombly* and *Iqbal*. *Id.* at 1027 (citations omitted); *see also Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (reminding courts to "construe pro se complaints liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers").

In this case, Thomas asserts claims of employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, against JBS and Manager Dragosh, Supervisor Menger, and HR Director Cayabyab. Title VII prohibits an employer from discriminating against an employee on the basis of the employee's race, color, religion, sex, and national origin. 42 U.S.C. § 2000e-2(a)(1). It also "bans employers from retaliating against employees who exercise rights under it." *See Scheidler v. Indiana*, 914 F.3d 535, 542 (7th Cir. 2019). Title VII only allows individuals to bring suits against their employer, not its employees. *EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1281 (7th Cir. 1995). Therefore, Thomas may only proceed on his employment discrimination and retaliation claims against JBS. The court notes that surviving a screening order has no binding effect on a subsequent Rule 12(b)(6) motion to dismiss because such screenings are "performed without any adversarial development of the issues." *See Harris v. Ruthenberg*, 62 F. Supp. 3d 793, 801 (N.D. Ill. 2014).

**IT IS THEREFORE ORDERED** that Thomas' motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Matt Dragosh, Jerrod Menger, and Bryan Cayabyab are **DISMISSED** as defendants.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the Complaint and this Order upon JBS pursuant to Federal Rule of Civil Procedure 4. Thomas is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. § 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provisions for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that JBS shall file a responsive pleading to the Complaint within the time allowed under the Federal Rules of Civil Procedure.

Finally, Thomas must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. It could also result in dismissal of the lawsuit.

Dated at Green Bay, Wisconsin this 7th day of July, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
