UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MIKO THOMAS,

        Plaintiff,

v.                                          Case No.: 23-CV-861-WCG

JBS,

        Defendant.

---

### DEFENDANT'S CIVIL L. R. 7 (h) EXPEDITED NON-DISPOSITIVE MOTION TO STRIKE SUR-REPLY FILED BY PLAINTIFF OPPOSING DEFENDANT'S MOTION TO DISMISS

Defendant JBS Green Bay, Inc.[1] ("JBS") respectfully, by and through its undersigned counsel, moves the Court pursuant to Civil L. R. 7(h) for an Order striking Plaintiff's Response to Defendant's Reply in Support of its Motion to Dismiss Plaintiff's Complaint ("Sur-Reply") (Doc. 23) filed by Plaintiff Miko Thomas ("Plaintiff" or "Mr. Thomas") in opposition to Defendant's Motion to Dismiss. The bases for this Motion are twofold: (1) Mr. Thomas failed to seek leave from the Court to file a Sur-Reply opposing Defendant's Motion to Dismiss; and (2) Plaintiffs unauthorized Sur-Reply fails to conform to the Court's page limitations for reply briefs.

### CERTIFICATE OF CONFERRAL

Defendant's undersigned counsel conferred with Mr. Thomas via electronic mail on November 6, 2023, regarding the relief sought herein. Plaintiff informed Defendant's counsel that he objects to this Motion to Strike and is opposed to the requested relief.

---

[1] "JBS," the named Defendant in this matter, does not exist as a legal entity, and thus, cannot be Plaintiff's employer. Instead, upon information and belief, JBS Green Bay, Inc. is the Plaintiff's employer and the correct entity in this matter.

## I. FAILURE TO SEEK LEAVE TO FILE A SUR-REPLY

Mr. Thomas' failure to seek leave to file a Sur-Reply opposing Defendant's Motion to Dismiss is improper. Civil L. R. 7 does not contemplate the filing of a Sur-Reply by a party opposing a Motion to Dismiss. Instead, the Court's local rules provide for three sets of filings on a Motion to Dismiss: (1) the moving party's principal materials in support of motion, (2) the non-moving Party's Response, and (3) the moving party's Reply. Civil L. R. 7(a)-(c). No additional filings are permitted without Court permission. *See* Civil L. R. 7(i). Pursuant to Civil L. R. 7(i), Mr. Thomas was required to request leave of the Court to file the Sur-Reply and he failed to do so. *See Boustead v. Barancik*, 151 F.R.D. 102, 106 (E.D. Wis. 1993) ("The local rules do not allow the non-movant to file a sur-reply or any other supplemental material as a matter of right. The case law reveals that a non-movant will only be allowed to file a sur-reply or other supplemental material upon receiving leave of court.") (citing *Nalco Chemical Company v. Hydro Technologies, Inc.*, 809 F.Supp. 672, 673 (E.D.Wis.1992); *Buttitta v. City of Chicago*, 803 F.Supp. 213, 217 (N.D.Ill.1992); *F.D.I.C. v. Wright*, 684 F.Supp. 536, 539 (N.D.Ill.1988)). Defendant understands the Court liberally construes a pro se plaintiff's pleadings, but "pro se litigants are not entitled to a general dispensation from the rules of procedures or court imposed deadlines." *Jones v. Phipps*, 39 F.3d 158, 164 (7th. Cir. 1994). Mr. Thomas did not seek permission from the Court before filing his Sur-Reply, and thus, it should be stricken.

But even if he had requested permission from the Court, courts rarely grant such requests. *Bourgeois v. Watson*, 977 F.3d 620, 630–31 (7th Cir. 2020) ("'surreply briefs are rare and discouraged in most districts.'") (quoting *Ennin v. CNH Indus. Am., LLC*, 878 F.3d 590, 595 (7th Cir. 2017). Otherwise, "arguments before the district court would proceed ad infinitum making litigation unruly and cumbersome." *Id. (quoting Hardrick v. City of Bolingbrook*, 522 F.3d

758, 763 n.1 (7th Cir. 2008)). Mr. Thomas has not demonstrated why the Sur-Reply is warranted nor does the Sur-Reply contain any new material that could not have been included in his response. Accordingly, Mr. Thomas' Sur-Reply should be stricken because he failed to obtain permission from this Court to file it and the Sur-Reply contains no new material or information that was previously unavailable to him.

## II. THE SUR-REPLY DOES NOT COMPLY WITH CIVIL L. R. 7(f).

In accordance with Civil L.R. 7(f),

> the principal memorandum in support of, or in opposition to, any motion must not exceed 30 pages and **reply briefs must not exceed 15 pages** (excluding any caption, cover page, table of contents, table of authorities, and signature block). No memorandum exceeding the page limitations may be filed unless the Court has previously granted leave to file an oversized memorandum.

*Id.* Plaintiff's Sur-Reply, however, is twenty-six pages, nearly double the limit prescribed by the Court's rules. *See* Doc. 23. As with the Sur-Reply in general, Plaintiff did not seek leave to file the oversized memorandum. For this reason, Defendant respectfully requests the Court strike Plaintiff's Sur-Reply.

## III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests the Court strike and/or disregard Plaintiff's Sur-Reply (Doc. 23).

Dated this 9th day of November, 2023.                    Respectfully Submitted,

s/ *James Korte*
James S. Korte
SPENCER FANE LLP
1700 Lincoln Street, Suite 2000
Denver, CO 80203
(303) 839-3800
jkorte@spencerfane.com

Corinne T Duffy
Joel S. Aziere
Buelow Vetter Buikema Olson & Vliet LLC
20855 Watertown Rd - Ste 200
Waukesha, WI 53186-1873
(262) 364-0301
(262) 364-0270
cduffy@buelowvetter.com
jaziere@buelowvetter.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically with the United States District Court for the Eastern District of Wisconsin, this 9th day of November, and has been mailed via USPS and electronically mailed to:

Miko Thomas
1978 Schanock Dr, Apt 9
Green Bay, WI 54303
Indigenous87@yahoo.com

s/ *James S. Korte*
*Attorney for Defendant*