UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MIKO THOMAS,

        Plaintiff,

v.                         Case No. 23-C-861

JBS GREEN BAY, INC.,[1]

        Defendant.

## DECISION AND ORDER GRANTING MOTION TO DISMISS

Plaintiff Miko Thomas, who is currently representing himself, filed a complaint against Defendant JBS Green Bay, Inc., asserting claims of employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. On September 9, 2023, Defendant filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff subsequently filed a motion for preliminary injunction on September 29, 2023. For the following reasons, Defendant's motion to dismiss will be granted and Plaintiff's motion for a preliminary injunction will be denied as moot.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim tests the legal sufficiency of a complaint. *Kaminski v. Elite Staffing Inc.*, 23 F.4th 774, 776 (7th Cir. 2022). Federal Rule of Civil Procedure 8 requires a pleading to include "a short and plain statement of the claim showing that the pleader

---

[1] Defendant contends that "JBS" does not exist as a legal entity and that its proper name is JBS Green Bay, Inc. *See* Dkt. No. 25 at 1. The Clerk is directed to update the case caption accordingly.

is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that, for most cases, a plaintiff must offer something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), or "an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), before the doors to expensive and time-consuming discovery will be opened. The *Twombly* Court recognized the need for caution before dismissing a case at the pleading stage, and before discovery has begun, but it also noted that "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." 550 U.S. at 558 (internal quotation marks and citation omitted). The Court therefore held that it was not enough to allege the mere possibility of a claim. *Id.* at 560–61. A plaintiff must allege sufficient factual matter to show his or her claim is at least facially plausible. *Id.* at 570.

But the pleading standard announced by the Court in *Twombly* and *Iqbal* does not appear applicable in employment discrimination cases, especially in cases where the plaintiff proceeds pro se. Notwithstanding *Twombly* and *Iqbal*, "the Seventh Circuit has held that a formulaic recitation of the elements of an employment discrimination claim will do." *McKay v. City of Chicago*, No. 14-C-10446, 2017 WL 11567310, at *2 (N.D. Ill. May 23, 2017). In *Tomayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008), the Court of Appeals held that "a complaint alleging sex discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex." And in *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014 (7th Cir. 2013), the Court of Appeals held that this minimal pleading requirement survived the Court's decisions in *Twombly* and *Iqbal* because a conclusory complaint of employment discrimination had been held sufficient by the Supreme Court in *Swierkiewiccz v.*

2

*Sorema N.A.*, 534 U.S. 506, 511 (2002), and had not been expressly overruled by the Court in *Twombly*, *Iqbal*, or any subsequent case. *Luevano*, 722 F.3d at 1028 ("Neither *Iqbal* nor *Twombly* overruled *Swierkiewicz*, and it is our duty to apply the Supreme Court's precedents unless and until the Supreme Court itself overrules them."). The court in *Luevano* also noted that "the pleading standards for pro se plaintiffs are considerably relaxed," even in the wake of *Twombly* and *Iqbal*. *Id.* at 1027 (citations omitted); *see also Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (reminding courts to "construe pro se complaints liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers").

## ALLEGATIONS CONTAINED IN THE COMPLAINT

Plaintiff alleges that he has been employed by Defendant at its Green Bay, Wisconsin facility since September 2019 and is currently working as a purchasing assistant. Plaintiff alleges that, prior to 2022, he was never trained on the highlift. On August 10, 2021, Plaintiff's manager, Matt Dragosh, denied his vacation request stating, "do not think it's a 'race' thing and that no one is taking a vacation at this time." Compl. at 5, Dkt. No. 1. Even though Dragosh denied Plaintiff's vacation request, he approved vacations for other workers. On September 18 or 19, 2021, Plaintiff's supervisor, Jerrod Menger, falsely accused Plaintiff of not working and did not take similar actions against workers of "different color." *Id.* at 6.

On September 20, 2021, Plaintiff filed a discrimination complaint with Human Resources against Dragosh. Plaintiff met with Dragosh, Menger, and a Human Resources representative in October 2021. During the meeting, Plaintiff asserted that a maintenance supervisor, Phillip Vorphal, claimed Dragosh asked him to "target plaintiff," but Vorphal refused. *Id.* Dragosh remained silent during the meeting and did not deny Plaintiff's claims about Vorphal, and Menger "admitted to his wrongs and apologized." *Id.*

3

In January 2022, Dragosh and Menger issued a write up to Plaintiff "for doing exactly what he was told to do." *Id.* After receiving the write up, Plaintiff filed a complaint with Human Resources for retaliation. In February 2022, Plaintiff's co-worker, George Watts, III, was permanently moved to another shift, making Plaintiff's job more difficult because he was further isolated. Plaintiff filed a complaint with corporate in March 2022 for discrimination and retaliation. Human Resources, corporate, and the company failed to thoroughly investigate all witnesses and conduct a proper investigation. As a result, Plaintiff filed a complaint with the EEOC in April 2022. Defendant attempted to train Plaintiff on the highlift in June 2022, but Plaintiff could not train without his prescription glasses.

## ANALYSIS

**A. Motion to Strike**

Before turning to the merits of the motion to dismiss, the court will address Defendant's motion to strike Plaintiff's improper sur-reply. Approximately three weeks after Defendant filed its reply in support of its motion to dismiss, Plaintiff filed a 26-page sur-reply without leave of the court. Although the court liberally construes pro se filings, "pro se litigants are not entitled to a general dispensation from the rules of procedures or court imposed deadlines." *Jones v. Phipps*, 39 F.3d 158, 164 (7th Cir. 1994). The local rules of this district provide for three sets of filings for a motion to dismiss: (1) the moving party's opening brief, (2) the non-moving party's response, and (3) the moving party's reply. Civil L.R. 7(a)–(c). To file additional materials, a party must file a motion requesting leave of the court to file the additional paper and attach the proposed filing to the motion. Civil L.R. 7(i). Plaintiff did not seek permission from the court to file the sur-reply. Even if Plaintiff had filed a motion for leave, the court would have denied the request. The "purpose of having a motion, response and reply is to give the movant the final opportunity to be

4

heard and to rebut the non-movant's response, thereby persuading the court that the movant is entitled to the relief requested by the motion." *Best v. Safford*, No. 16-cv-2549, 2018 WL 1794911, at *2 (S.D. Ind. Apr. 16, 2018) (citation omitted). Plaintiff's sur-reply largely restates the arguments raised in his response brief. For these reasons, Defendant's motion to strike the sur-reply will be granted, and Plaintiff's sur-reply will be stricken from the record. The court now turns to the motion to dismiss.

**B. Motion to Dismiss**

Plaintiff alleges that he was discriminated against because of his color. To state an employment discrimination claim, a plaintiff must allege "that the employer instituted a (specialized) adverse employment action against the plaintiff on the basis of" his protected status. *Tamayo*, 526 F.3d at 1085. Plaintiff has not alleged facts amounting to an adverse employment action. "[N]ot everything that makes an employee unhappy is an actionable adverse action. Otherwise, minor and even trivial employment actions that an employee did not like would form the basis of a discrimination suit." *Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir. 1996) (cleaned up). The Seventh Circuit has "described an adverse employment action as 'a materially adverse change in the terms and conditions of employment that is more disruptive than a mere inconvenience or an alteration of job responsibilities." *Alamo v. Bliss*, 864 F.3d 541, 552 (7th Cir. 2017) (cleaned up). "Such actions include (1) diminishing an employee's compensation, fringe benefits, or other financial terms of employment, including termination; (2) reducing long-term career prospects by pre-venting him from using the skills in which he is trained and experienced, so that the skills are likely to atrophy and his career is likely to be stunted; and (3) changing the conditions in which an employee works in a way that subjects him to a humiliating, degrading,

5

unsafe, unhealthful, or otherwise significantly negative alteration in his workplace environment." *Id.* (cleaned up).

Plaintiff alleges that (1) in August 2021, his manager denied his vacation request, even though he approved vacations for other workers; (2) in September 2021, his supervisor falsely accused him of not working but did not take similar actions against workers of "different color;" (3) in January 2022, Plaintiff's manager and supervisor issued him a write up; (4) in February 2022, his co-worker was permanently moved to another shift; (5) Defendant failed to thoroughly investigate his March 2022 complaint; and (6) in June 2022, Defendant attempted to train him on the highlift but stopped the training because Plaintiff did not wear his prescription glasses.

As an initial matter, the denial of vacation is not an adverse employment action. *See Yeager v. Kohler Co.*, No. 22-CV-65, 2022 WL 17251998, at *6 (E.D. Wis. Nov. 28, 2022) ("Indisputably, termination constitutes an adverse employment decision. The same cannot be said of the denial of vacation time, however." (collecting cases)). Similarly, the accusation that Plaintiff was not working and the written reprimand do not constitute adverse employment actions, as there was no tangible job consequence accompanying those reprimands. *Sweeney v. West*, 149 F.3d 550, 556 (7th Cir. 1998) ("Absent some tangible job consequence accompanying the reprimands, we decline to broaden the definition of adverse employment action to include them.").

Plaintiff also alleges that his co-worker was permanently moved to another shift, which further isolated Plaintiff and made his job more difficult. An adverse employment action is some quantitative or qualitative change in the terms or conditions of *the plaintiff's* employment. *See McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 789 (7th Cir. 2019). Although Plaintiff alleges that his co-worker's transfer made his job more difficult, "[g]enerally, an increase in job responsibilities is not an adverse action." *Han v. Whole Foods Mkt. Grp., Inc.*, 44 F. Supp. 3d 769,

789 (N.D. Ill. 2014) (citing *Griffin v. Potter*, 356 F.3d 824, 829 (7th Cir. 2004)). In addition, Plaintiff alleges that he felt "isolated" as a result of the transfer, but the perception of being isolated does not amount to an adverse employment action. *See Wheeler v. Brady Corp.*, 712 F. Supp. 2d 801, 829 (E.D. Wis. 2010); *Drew v. Ill. Dep't of Human Servs.*, 101 F. App'x 637, 640 (7th Cir. 2004). In short, Plaintiff has not sufficiently alleged that his co-worker's transfer constituted an adverse employment action against Plaintiff.

Plaintiff further alleges that Defendant failed to thoroughly investigate his March 2022 complaint. Though Plaintiff may have preferred that Defendant conduct its investigation differently, "its failure to conduct an inquiry to [his] satisfaction does not constitute an adverse employment action." *Clemmer v. Office of Chief Justice of Circuit Court of Cook Cnty. & State of Illinois*, No. 06-C-3361, 2008 WL 5100859, at *15 (N.D. Ill. Dec. 2, 2008); *see also Kuhn v. United Airlines*, 63 F. Supp. 3d 796, 803–04 (N.D. Ill. 2014).

Plaintiff also alleges that, in June 2022, Defendant attempted to train him on the highlift but stopped the training because Plaintiff did not wear his prescription glasses. Although Plaintiff asserts that he should not have waited three years to begin training on the highlift, he does not allege that any purported delay in training resulted in a "tangible, negative impact" on his employment. *Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 529 (7th Cir. 2003). Plaintiff does not allege that use of the highlift was necessary to perform his duties. Therefore, this does not constitute an adverse employment action.

In sum, Plaintiff has not alleged an adverse employment action to support his discrimination claim. Accordingly, Plaintiff has failed to state a discrimination claim against Defendant, and his claim must be dismissed.

7

Case 1:23-cv-00861-WCG    Filed 12/11/23    Page 7 of 10    Document 29

Next, Plaintiff alleges that he was subjected to a hostile work environment in violation of Title VII. A hostile work environment is one that is "permeated with discriminatory intimidation, ridicule and insult." *Shanoff v. Ill. Dep't of Human Servs.*, 258 F.3d 696, 704 (7th Cir. 2001). To state a hostile work environment claim based on color, a plaintiff must allege that (1) he was subject to unwelcome harassment, (2) the harassment was based on his color, (3) the harassment was severe or pervasive so as to alter the conditions of employment and create a hostile or abusive working environment, and (4) a basis exists for employer liability. *Cooper-Schut v. Visteon Auto. Sys.*, 361 F.3d 421, 426 (7th Cir. 2004). In this case, Plaintiff has not plausibly alleged that the harassment was severe or pervasive enough to alter the conditions of his employment.

A hostile work environment claim requires that the harassment be "sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment." *Ezell v. Potter*, 400 F.3d 1041, 1047 (7th Cir. 2005). Whether an environment is sufficiently hostile "can be determined only by looking at all the circumstances," which "may include the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993). The environment must also be both objectively and subjectively hostile to fall within Title VII's purview. *Id.* at 21–22.

Plaintiff does not allege any conduct that meets this standard. Again, Plaintiff alleges that, over a twelve-month period, his vacation request was denied, he was falsely accused of not working, he received a write-up from his manager and supervisor, his co-worker was reassigned to another shift, Defendant failed to thoroughly investigate his complaints, and he had to stop highlift training because he did not wear his prescription glasses. While "a workplace need not be

8

'hellish' to constitute a hostile work environment," *Alamo*, 864 F.3d at 550, the court cannot conclude from Plaintiff's allegations, even when viewed collectively, that the conduct he complains of raises to the level of severe or pervasive conduct required to state a hostile work environment claim. *See Mannie v. Potter*, 394 F.3d 977, 983 (7th Cir. 2005) ("The remaining incidents that Mannie describes, to the extent there is any record support for them, are isolated and not particularly severe and such conduct is not sufficient to sustain a hostile work environment claim." (internal quotation marks and citation omitted)). Therefore, Plaintiff's hostile work environment claim must be dismissed.

Finally, Plaintiff asserts a retaliation claim. Retaliation under Title VII occurs when a plaintiff suffers an adverse employment action "because he has opposed any practice made an unlawful employment practice . . . or because he has made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing." 42 U.S.C. § 2000e-3(a). To state a claim of retaliation, a plaintiff must allege that (1) he engaged in statutorily protected activity, (2) he suffered an adverse employment action, and (3) there is a causal link between the protected activity and the adverse action. *See Sweeney v. West*, 149 F.3d 550, 555 (7th Cir. 1998) (citation omitted). Plaintiff has not alleged an adverse employment action in support of his retaliation claim.

Plaintiff alleges that he suffered the following actions after he made his September 2021 complaint: (1) in January 2022, Plaintiff's manager and supervisor issued him a write up; (2) in February 2022, his co-worker was permanently moved to another shift; (3) Defendant failed to thoroughly investigate his March 2022 complaint; and (4) in June 2022, Defendant attempted to train him on the highlift but stopped the training because Plaintiff did not wear his prescription glasses. As the court has explained above, these actions, even when viewed collectively, do not constitute adverse employment actions. Therefore, Plaintiff has failed to state a retaliation claim.

9

Plaintiff has failed to state a claim upon which relief can be granted. Therefore, Defendant's motion to dismiss will be granted and the complaint will be dismissed. The dismissal is without prejudice, however, and Plaintiff will be allowed 30 days from the date of this order in which to file an amended complaint. If no amended complaint is filed within the time allowed, the case will be dismissed.

C. **Motion for Preliminary Injunction**

Plaintiff filed a motion for preliminary injunction on September 29, 2023. Because Plaintiff's complaint is dismissed for failure to state a claim, Plaintiff's motion for preliminary injunction will be denied as moot.

**CONCLUSION**

For these reasons, Defendant's motion to dismiss (Dkt. No. 13) is **GRANTED**. The complaint fails to state a claim upon which relief can be granted and is dismissed for that reason. The dismissal is without prejudice, however, and Plaintiff will be allowed 30 days from the date of this order in which to file an amended complaint. If no amended complaint is filed within the time allowed, the case will be dismissed. Because Plaintiff's complaint is dismissed in its entirety, Plaintiff's motion for preliminary injunction (Dkt. No. 18) is **DENIED as moot**. Defendant's motion to strike (Dkt. No. 25) is **GRANTED**, and Plaintiff's sur-reply (Dkt. No. 23) is stricken from the record.

**SO ORDERED** at Green Bay, Wisconsin this 11th day of December, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge