MIKO THOMAS,

       Plaintiff,

    v.                              Case No. 23-C-861

JBS GREEN BAY INC.,

       Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF

Plaintiff Miko Thomas filed a complaint against Defendant JBS Green Bay, Inc., asserting claims of employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* On February 15, 2024, the court granted Defendant's motion to dismiss Plaintiff's amended complaint and dismissed the action with prejudice. This matter comes before the court on Plaintiff's motion for relief pursuant to Rule 60(a) of the Federal Rules of Civil Procedure.

Rule 60(a) states, "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a). Plaintiff asserts that the court granted the motion to dismiss and entered judgment before Plaintiff's time to respond to the motion had passed. Plaintiff asserts that, even though Defendant mailed him a copy of the motion to dismiss and supporting documents on January 23, 2024, he did not receive the mailing until January 26, 2024. He contends that his response was due February 15, 2024, and that the court's dismissal of the action on that day was "erroneous and hasty." Dkt. No. 38 at 2.

Plaintiff's argument is misguided, however, as the requirements of service by mailing are met "upon mailing," not receipt of the filing. Fed. R. Civ. P. 5(b)(2)(C) ("A paper is served under this rule by mailing it to the person's last known address—in which event service is complete upon mailing."). The fact that Plaintiff did not receive the filing until January 26, 2024, is therefore irrelevant. Defendant mailed the motion to dismiss and supporting documents to Plaintiff on January 23, 2024. *See* Dkt. No. 36-1. Plaintiff's response to the motion was due February 13, 2024. Therefore, the court did not err in dismissing the action on February 15, 2024.

Plaintiff also asserts that the court improperly applied the law in reaching its decision. But the purpose of Rule 60(a) is to correct errors, oversights, and omissions which result in a record that does not properly reflect the intention of the parties or the court; it is not intended to make substantive adjustments to an order or judgment. *See Bradon v. Chi. Bd. of Educ.*, 143 F.3d 293, 295 n.2 (7th Cir. 1998) ("[The order] accurately reflected the court's intention at the time it was entered. Thus, the error, to the extent there was one, was not in the transcription, but in the court's decision, a ground for relief not contained in Rule 60(a)."). Because Plaintiff is not entitled to relief under Rule 60(a), his motion is denied.

Finally, Plaintiff requests that this matter be assigned to an impartial judge. A judge should be disqualified if "he has a personal bias or prejudice concerning a party . . . ." 28 U.S.C. § 455. I have no bias or prejudice concerning Plaintiff. In any event, because this case is dismissed, there is nothing pending before this court and no matter to disqualify or recuse myself from. The appropriate remedy for any error or omission by this court is for Plaintiff to appeal his case to the Court of Appeals. *See Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996) ("unless there are exceptional circumstances, judicial rulings are grounds for appeal, not disqualification").

**IT IS THEREFORE ORDERED** that Plaintiff's motion for relief (Dkt. No. 38) is **DENIED**.

Dated at Green Bay, Wisconsin this 4th day of March, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge